Argued January 4, affirmed February 23, 1967

EVONIUK, *Appellant, v.* GREAT AMERICAN
INSURANCE COMPANY, *Respondent.*

424 P. 2d 216

*A. J. Morris,* Eugene, argued the cause for appellant. With him on the briefs were Bailey, Hoffman, Spencer & Morris, Eugene.

*David J. Krieger,* Portland, argued the cause for respondent. With him on the brief were Black, Kendall, Tremaine, Boothe & Higgins, Portland.

Before PERRY, Chief Justice, and MCALLISTER, O'CONNELL, DENECKE and REDDING, Justices.

PER CURIAM.

Plaintiff's decedent sought to recover benefits as a third party beneficiary under an insurance contract entered into between defendant insurer and decedent's employer. Plaintiff, as administratrix of decedent's estate, appeals from a judgment for defendant.

Decedent was permanently totally disabled as a result of an occupational disease. He made application for benefits from the State Industrial Accident Commission and his claim was allowed in 1958. A final award for permanent partial disability was made in 1964.

Plaintiff now seeks additional compensation from defendant under a policy issued to plaintiff's employer. The policy, however, contains the following provisions:

"1. It is agreed that if any person employed by this insured shall during the policy period suffer bodily injury caused by accident or disability caused by occupational disease, including death at any time resulting therefrom, the company shall voluntarily pay to such person, or to any other person who by such law would be entitled thereto, the same benefits and in the same manner and under the same circumstances as such person would be entitled to receive if this insured were subject to the laws herein cited: Oregon Revised Statutes, Chapter 656 (Workmen's Compensation) Sections 656.002 to 656.990, and all laws amendatory thereof or supplementary thereto which are or may become

effective during the policy period, subject to the following provisions:

"(a) &ast; &ast; &ast;

"(b) All benefits shall be determined in accordance with the law in effect at the time of the accident, or in the case of occupational disease, at the time of the first occurrence of disability. &ast; &ast; &ast;

"&ast; &ast; &ast; &ast; &ast;

"(h) This agreement shall not apply with respect to any injury or death on account of which such insured person or anyone claiming by, through, or under him is entitled to benefits under any workmen's compensation law."

Plaintiff contends that paragraph (h) excluding "any injury" for which the insured is entitled to benefits under the Workmen's Compensation Law does not apply to occupational disease. She argues that the language in section one, which refers to "bodily injury caused by accident or disability caused by occupational disease," indicates an intent to distinguish between "injury" and "disease" and that the exclusion in paragraph (h) which refers only to "injury" was not intended to affect coverage where the disability results from occupational disease.

Plaintiff does not suggest any plausible reason, however, why the exclusion of paragraph (h) would be drafted to cover injuries but not diseases. We believe that the term "any injury" was intended to serve as a broad term covering any disability for which the insured was entitled to benefits under the Workmen's Compensation Law.

The judgment is affirmed.